UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SARA FIORENZO | * | CIVIL ACTION NO. |
| | * | |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| GREAT WEST CASUALTY COMPANY, | * | |
| STATE FARM MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |
| CERTIFIED EXPRESS, INC., and | * | |
| SHILOH PETERSON | * | MAG: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL OF CIVIL ACTION
## UNDER 28 U.S.C. § 1441(B) (DIVERSITY JURISDICTION)

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendants, **GREAT WEST CASUALTY COMPANY, CERTIFIED EXPRESS, INC. and SHILOH PETERSON** ("Defendants") with full reservation of any and all rights, defenses, and objections, hereby gives notice of the removal to this Court of the State Court Action described below, and in support state:

**BACKGROUND**

**1.**

Great West Casualty Company, Certified Express, Inc., and Shiloh Peterson were named as defendants in a civil action commenced on June 8, 2022 in the Civil District for the Parish of Orleans, State of Louisiana, entitled *"Sara Fiorenzo versus Great West Casualty Company, State Farm Mutual Automobile Insurance Company, Certified Express, Inc., and Shiloh Peterson,"* bearing docket number 2022-05725, Division M-13. A complete copy of the state court record is attached as Exhibit "A."

**2.**

Plaintiff claims that on or about August 20 2021, she was driving a 2007 Honda Ridgeline and was stopped at the intersection of Simon Bolivar and Jackson avenue when a 18 wheeler tractor trailer owned/leased by Certified Express, Inc. and operated by Shiloh Peterson attempted a left turn from the opposite direction and struck the rear driver's side corner of Plaintiff's vehicle. Petition for Damages, ¶ 3 and 4.

**4.**

Plaintiff states that, at the time of the incident, Great West Casualty Company insured Certified Express, Inc. and Shiloh Peterson. Petition for Damages ¶ 10.

**5.**

Plaintiff seeks to recover for:

a. Injuries to her mind and body, including but not limited to neck, back, knees, hips, and fear for her unborn child;

b. Past and future mental anguish and physical suffering;

c. Past and future expenses for medical care;

d. Past and future loss of earnings and impaired earning capacity;

e. Property damage expenses including but not limited to loss of use of her vehicle;

f. And other economic and pecuniary loss.

Petition for Damages, ¶ 9.

**6.**

However, Plaintiff does not specifically enumerate or describe her alleged damages or injuries.

## DIVERSITY OF CITIZENSHIP

**7.**

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

**8.**

Plaintiff, Sara Fiorenzo, is and was a citizen of the State of Louisiana, both at the time of filing of this suit and at the time of removal.

**9.**

Defendant, Great West Casualty Company, is and was a foreign insurance company incorporated in Nebraska with its principal place of business also in Nebraska, both at the time of the filing of this suit and at the time of removal. Great West is therefore a citizen of the State of Nebraska.

**10.**

Defendant, Shiloh Peterson, is and was a citizen of the State of Missouri.

**11.**

Defendant, Certified Express, Inc. is and was a foreign corporation incorporated in Missouri with its principal place of business in Missouri, both at the time of the filing of this suit and at the time of removal. Certified Express, Inc. is therefore a citizen of the State of Missouri.

**12.**

Defendant, State Farm, is and was a foreign corporation incorporated in Illinois, with its principal place of business in Illinois, both at the time of the filing of this suit and at the time of removal. State Farm is therefore a citizen of the State of Illinois.

**13.**

Counsel for State Farm has been contacted by undersigned counsel and provided consent to the removal of this action. September 21, 2022 Emails between undersigned counsel and counsel for State Farm attached as Exhibit B. They have since signed a Notice of Dismissal, though it has not been granted as of the filing of this Notice. Joint Stipulations and Notice of Dismissal Attached as Exhibit C.

**AMOUNT IN CONTROVERSY**

**14**.

When plaintiffs fail to allege a specific amount of damages in their petition, the court must "examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Here there were no specific allegations which made it facially apparent that the amount in controversy requirement was satisfied.

**15.**

Subsequently, on September 21, 2022, Plaintiff's counsel provided reports from MRIs of Plaintiff's cervical and lumbar spine, which among other findings, revealed disc herniations at C4-5, C5-6, and C6-C7 as well as facet joint arthropathy of the lumbar spine. September 21, 2022 email from Plaintiff's counsel to Defense counsel, and reports from MRI of Plaintiff's Cervical and Lumbar Spine attached as Exhibits D, E, and F, respectively.

**16.**

Plaintiff provided her complete discovery responses on October 10, 2022. Plaintiff's Discovery Responses attached as Exhibit G. Plaintiff produced medical records which show that she first treated at Urgent Care on August 22, 2021. Plaintiff's Medical Records from KNRC Urgent Care and Occupational Health attached as Exhibit H. She then began treating at Archer

Chiropractic Center on August 24, 2021 she then attended 35 visits over the course of the next 10 months until June 21, 2022. Plaintiff's Medical Records from Archer Chiropractic Center attached as Exhibit I. On April 15, 2022, she was referred for a neurosurgical consult to evaluate her multi-level disc displacement revealed on MRI. See Exhibit I.

17.

Louisiana courts have found that the potential award for general damages where herniated discs are alleged and the plaintiff has not undergone surgery are significant, and that the amount in controversy requirement is satisfied when such allegations are made. *Thomas v. Louis Dreyfus Commodities, LLC*, 2016 WL 1317937 *4 (M.D. La. 2021).

18.

The Western District of Louisiana denied remand and found the jurisdictional minimum satisfied where defendants produced MRIs showing herniated discs in the cervical and lumbar spine of the plaintiff, though he did not have any surgical recommendations. *Reeves v. TPI Restaurants Inc.*, 2007 WL 1308380 *2 (W.D. La.).

19.

This Court has similarly denied remand and found that the jurisdictional minimum was satisfied where attached medical records indicated that the initially recommended surgery had been cancelled but plaintiff continued to suffer from "radiating pain in her extremities, neck pain, back pain, joint pain, and swelling." *McDonald v. Target Corp. of Minn.*, 2011 WL 2160495 (E.D. La.). The Court noted that "Louisiana jurisprudence indicates that …injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery." *Id*. (citing *Rico v. Sewerage and Water Bd. of New Orleans,* 929 So.2d 143 (La. App. 4th Cir. 2006).

**20.**

The Middle District has similarly noted that even in the absence of surgical recommendations, Louisiana courts have awarded $50,000 - $60,000 for multiple herniated discs. *Robinson v. K-mart Corp.*, 2011 WL 2790192 *4 (M.D. La.) (citing *White v. Progressive Sec. Ins. Co.*, 6 So.3d 860 (La. App. 3rd Cir. 2009) ($60,000 awarded to injured motorist for multiple disc protrusions in the cervical region with pain lasting more than two years). One Louisiana appellate court has further found that $50,000 is the lowest reasonable general damage award within the jury's discretion for a nonsurgical herniated disc. *Sanchez v. Dubuc*, 110 So.2d 1140, 1146 (La. App. 5th Cir. 2013).

**21.**

Further, courts must also consider a plaintiff's request for general and special damages as a whole. Here, Plaintiff has alleged: injuries to her mind and body, including but not limited to neck, back, knees, hips, and fear for her unborn child; past and future mental anguish and physical suffering; past and future expenses for medical care; past and future loss of earnings and impaired earning capacity; property damage expenses including but not limited to loss of use of her vehicle; as well as other economic and pecuniary loss. Courts have awarded general damages to plaintiffs who have had cervical and lumbar injuries, at several times the amount of incurred medical expenses. *See e.g.*, *Collier v. Benedetto*, 897 So.2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000 to $75,000 where plaintiff in automobile accident, who declined surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5–C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); *Perez v. State ex rel. Crescent City Connection*, 753 So.2d 913, 914-15 (La. App. 4th Cir. 2000) (affirming award of $150,000 in general damages where plaintiff was not

recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000); and *Wehbe v. Waguespack*, 720 So.2d 1267, 1270-72 (La. App. 5th Cir. 1998) (affirming award of "$185,000.00 for general damages for a herniated C3–4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590).

**22.**

It should also be noted that Defendants have provided Plaintiff with a stipulation that her alleged damages do not exceed $74,999.99, and she has not agreed to sign it to date. October 6, 2022 email between Defense Counsel and Plaintiff's counsel and Stipulation to Good Faith Amount, attached as Exhibits J and K, respectively.

**23.**

Prior to receipt of Plaintiff's medical records on September 21, 2022, Defendants did not have sufficient information to justify the amount in controversy requirement for removal. Defendants had previously requested medical records and a description of the alleged injuries from Plaintiff but had not received anything other than a referral for the above-mentioned MRIs. July 12-13, 2022, emails between Defense counsel and Plaintiff's counsel attached as Exhibit L. In order to further support their contention that the amount in controversy requirement was satisfied, Defendants did not make the filing until receiving Plaintiff's discovery responses on October 10, 2022, less than 30 days after September 21, 2022, when they first ascertained the case was removable.  See October 10, 2022, email from Plaintiff's counsel to Defense counsel attached as Exhibit M. Therefore, removal is timely pursuant to 28 U.S.C. 1446 as the case stated by the initial pleading was not initially removable, though a notice of removal was filed within thirty days of

receipt of other paper from which it was first ascertained that the case was removable on September 21, 2022.

**REMOVAL IS PROPER**

**24.**

Undersigned counsel answered for Great West Casualty Company, Certified Express, Inc., and Shiloh Peterson on August 11, 2022.

**25.**

Defendants file this Notice of Removal within thirty (30) days from the date of their receipt of other paper from which it was first ascertained that this case is one which has become removeable on September 21, 2022. The Notice of Removal is also filed within one year after commencement of this action on June 28, 2022. This removal is therefore timely pursuant to 28 U.S.C.A. § 1446 (b)(3) and (c)(1).

**26.**

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Thus, venue is proper in this Court under 28 U.S.C. § 1441(a).

**27.**

This Court has original jurisdiction according to 28 U.S.C. § 1332(a). Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

**28.**

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, to affect the removal of this action to the United States District Court for the Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendants, Great West Casualty Company, Certified Express, Inc., and Shiloh Peterson pray that Civil Action No. 2022-05368, currently pending in the Civil District Court for the Parish of New Orleans, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that Defendant has all additional and further relief to which it may be entitled.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

By: _s/ Jack F. Herrick_
**ANDREW D. WEINSTOCK (#18495)**
**RAVEN A. FIELDING (#33125)**
**JACK F. HERRICK (#38460)**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
Attorneys for Defendant, Shiloh Peterson, Great West Casualty Company, and Certified Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by filing through the Court's CM/ECF system on October 11, 2022.

_s/ Jack F. Herrick_
**JOHN F. HERRICK**