

**EXHIBIT A**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2022-05725  DIVISION ""

M-13

SARA FIORENZO

VERSUS

GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC., AND SHILOH PETERSON

FILED:_____

DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Sara Fiorenzo, person of the full age of majority and a resident of the State of Louisiana, who, with respect, shows the Court as follows:

I.

That Great West Casualty Company and State Farm Mutual Automobile Insurance Company, made party defendants herein, are foreign insurance companies authorized to do and doing business in the State of Louisiana at all times relevant hereto. That Certified Express, Inc., made a party defendant herein, is a Missouri company doing business in Louisiana at all times relevant hereto. That Shiloh Peterson, made a party defendant herein, is a person of the full age of majority and a resident and citizen of and domiciled in the County of Newton, State of Missouri. That said Defendants are liable, jointly and/or in solido, to Plaintiff for the following:

II.

That on or about August 20, 2021 at approximately 4:00 PM, Sara Fiorenzo was operating a 2007 Honda Ridgeline stopped at the intersection of Simon Bolivar and Jackson Avenue, facing northbound on Jackson Avenue, in the Parish of Orleans, State of Louisiana.

III.

That at approximately the same time and place, Shiloh Peterson was operating an 18-wheeler tractor trailer truck of unknown make and model that was owned and/or leased by Defendant Certified Express, Inc. at the intersection of Simon Bolivar and Jackson Avenue, facing southbound on Jackson Avenue in the Parish of Orleans, State of Louisiana.

IV.

That at approximately the same time and place, Shiloh Peterson attempted to turn left from Simon Bolivar onto Jackson Avenue and that he failed to maintain his lane of travel and the trailer of the truck he was towing hit the rear driver's side corner of Plaintiff's vehicle.

V.

That after striking the Plaintiff's vehicle, Defendant Shiloh Peterson continued driving and did not stop at the scene of the wreck.

VI.

That upon information and belief, at all relevant times hereto, Defendant, Shiloh Peterson, was acting within the course and scope of his employment or as part of a joint venture or otherwise for the mutual benefit of himself and Certified Express, Inc. Under the Louisiana Code and the theories of respondeat superior, joint venture, and/or agency, both are responsible for the collision and damages resulting thereto.

VII.

That the aforesaid collision sued on herein was the fault of and proximately caused by Defendant, Shiloh Peterson, in the following, non-exclusive, respects:

(a) by failing to maintain his proper lane of travel, in violation of La. R.S. 32:79;

(b) by failing to yield while making a left turn, in violation of La. R.S. 32:122;

(c) by fleeing the scene after causing a collision;

(d) by failing to report a traffic accident, in violation of La. R.S. 32:398;

(e) by operating the vehicle under his control in a careless manner, in violation of La. R.S. 32:58;

(f) by operating a vehicle while physically exhausted, in violation of state law, federal regulations, and company standards;

(g) by failing to maintain reasonable and proper control of the vehicle under his control upon a public road;

(h) by operating the vehicle under his control in an improper, unsafe, negligent, and reckless manner;

(i) by failing to see what should have been seen;

(j) In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision; and

(k) other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

VIII.

That the aforesaid collision sued on herein was the fault of and proximately caused by the negligence of Defendant, Certified Express, Inc., in the following non-exclusive respects:

(a) by allowing a vehicle under its control to fail to maintain its proper lane of travel, in violation of La. R.S. 32:79;

(b) by allowing a vehicle under its control to fail to yield while turning left, in violation of La. R.S. 32:122;

(c) by allowing a vehicle under its control to flee the scene after causing a collision;

(d) by failing to report a traffic accident, in violation of La. R.S. 32:398;

(e) by allowing a vehicle under its control to be operated in a careless manner, in violation of La. R.S. 32:58;

(f) by allowing a vehicle under its control to be operated by a driver while physically exhausted, in violation of state law, federal regulations, and company standards;

(g) by failing to maintain reasonable and proper control of the vehicle under its control upon a public road;

(h) by operating the vehicle under its control in an improper, unsafe, negligent, and reckless manner;

(i) by failing to see what should have been seen;

(j) In violating the Federal Trucking Regulations inter alia: as they non-exclusively relate to hours of operation, out of service, logging, condition of vehicle, condition of driver, qualification, training, and supervision;

(k) In negligently qualifying its driver;

(l) In negligently training its driver;

(m) In negligently supervising it driver;

(n) all other acts of negligence and/or gross negligence which were the cause of the collision sued upon and which will be shown at the trial of this matter.

IX.

That as a result of the aforesaid collision, Sara Fiorenzo has sustained injuries to her mind and body, including but not limited to neck, back, knees, hips, and fear for her unborn child, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; past and future loss of earnings and impaired earning capacity; property damage expenses including but not limited to loss of use of her vehicle; and other economic and pecuniary loss; all of which entitles Plaintiff, Sara Fiorenzo, to recover from Defendants the damages as are reasonable in the premises.

3

X.

Petitioner shows that at all times mentioned hereinabove, there was in full force and effect a policy of insurance issued by Defendant, Great West Casualty Company, under the terms and conditions of which it agreed to insure and indemnify Defendants, Certified Express Inc. and Shiloh Peterson, from the type of liability asserted herein.

XI.

Petitioner further shows that, at all times mentioned hereinabove, there was in full force and effect a policy of uninsured/underinsured motorist insurance issued by State Farm Mutual Automobile Insurance Company, under the terms and conditions of which said insurer agreed to provide uninsured/underinsured motorist coverage to Petitioner; that the evidence in this case will reflect that Certified Express, Inc. and/or Shiloh Peterson has basis for uninsured/underinsured status. As such, State Farm Mutual Automobile Insurance Company is a proper party Defendant herein.

XII.

In the alternative, if the Court finds that Plaintiff's claim against State Farm Mutual Automobile Insurance Company is based on contract and that breach is a necessary element of the claim-which Plaintiff denies-then Plaintiff alleges two alternate UM claims based in contract. First, Plaintiff alleges in the alternative that State Farm Mutual Automobile Insurance Company is in actual breach of the insuring agreement for failing to fulfill obligations under the policy. Specifically, State Farm Mutual Automobile Insurance Company received a demand for payment on or about August 26, 2021 but inadequately responded, failed to offer all payment and coverage due, and did not decree that Certified Express, Inc. and/or Shiloh Peterson was an uninsured or underinsured driver under the policy. Second, Plaintiff also alleges in the alternative that if the response of State Farm Mutual Automobile Insurance Company to the demand of August 26, 2021 did not yet breach the insuring agreement, it nonetheless qualifies as anticipatory repudiation of the policy as it signifies a refusal or unwillingness to properly perform. To avoid confusion, Plaintiff only alleges these alternate theories of relief to the extent that the Court finds that breach of contract is a necessary element of a UM claim and does *not* allege that any breach of the insuring agreement occurred in bad faith.

XIII.

Petitioner shows that this case involves damages which exceed the minimum requirements for trial by jury.

WHEREFORE, Petitioner, Sara Fiorenzo, prays that Defendants GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC., AND SHILOH PETERSON be served with a certified copy of this petition, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Petitioner, Sara Fiorenzo, and against Defendants, GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC., AND SHILOH PETERSON, jointly and/or in solido, for damages as are reasonable in the premises; each of said judgments to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEY FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 599-3288
FACSIMILE: (866) 808-8998
E-MAIL: lpilie@morrisbart.com

BY: _____
LAUREN PILIÉ, NO. 33928

Service instructions on following page.

**PLEASE SERVE WITH CITATION AND PETITION FOR DAMAGES:**

1. GREAT WEST CASUALTY COMPANY
   THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
   LOUISIANA SECRETARY OF STATE
   8585 ARCHIVES AVENUE
   BATON ROUGE, LA 70809

2. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
   THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
   LOUISIANA SECRETARY OF STATE
   8585 ARCHIVES AVENUE
   BATON ROUGE, LA 70809

3. CERTIFIED EXPRESS, INC.
   PURSUANT TO THE LONG-ARM STATUTE
   LSA-R.S. 13:3201 AND 13:3204
   THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
   SCOTT WADE
   11817 KENTUCKY ROAD
   PO BOX 249
   NEOSHO, MO 64850

4. SHILOH PETERSON
   PURSUANT TO THE LONG-ARM STATUTE
   LSA-R.S. 13:3201 AND 13:3204
   18462 REDBUD ROAD
   NEOSHO, MO 64850

FILED
2022 AUG 11  P 01:06
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO. 2022-05725                                                DIVISION "M-13"

SARA FIORENZO

VERSUS

GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC. AND SHILOH PETERSON

FILED: _____                      _____
                                                                                  DEPUTY CLERK

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Defendants, **GREAT WEST CASUALTY COMPANY, CERTIFIED EXPRESS, INC. and SHILOH PETERSON** who respond to the Petition for Damages filed on behalf of Plaintiff, SARA FIORENZO, as follows:

I.

The allegations contained in Paragraph one are denied except to admit the status and domicile of Defendants answering herein.

II.

The allegations contained in Paragraph two are denied.

III.

The allegations contained in Paragraph three are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph four are denied.

V.

The allegations contained in Paragraph five are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph six are denied for lack of sufficient information to justify a belief therein.

E-Filed
02611439-1

VERIFIED
Jovan Gibson
2022 AUG 11  P 03:08

VII.

The allegations contained in Paragraph seven are denied.

VIII.

The allegations contained in Paragraph eight are denied.

IX.

The allegations contained in Paragraph nine are denied for lack of sufficient information to justify a belief therein.

X.

Except to admit that Great West Casualty Company issued a policy of liability insurance which was in full force and effect on the day in question and which is subject to all its terms, exclusion, limitations, conditions and is plead as the best evidence of the contents therein, the allegations of paragraph ten are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph eleven are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph twelve call for a legal conclusion. Said allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph thirteen are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in the "Wherefore" in Plaintiff's Petition for Damages are denied.

**JURY DEMAND**

Defendant requests a trial by jury.

**AFFIRMATIVE DEFENSES**

**AND NOW, FURTHER ANSWERING**, Defendants aver:

## FIRST DEFENSE

That the accident in question was not caused by any negligence, fault and/or liability on the part of Defendants but was caused solely and through the negligence and/or comparative negligence of Plaintiff, or others, including but not limited to the acts of negligence listed below and others to be shown at trial:

   a.  Failure to exercise reasonable care under the circumstances prevailing at the time of the incident;

   b.  Failure to take proper precaution to avoid the incident and any alleged injuries;

   c.  Failure to do any act by which the incident made the basis of this litigation could have been avoided;

   d.  Failure to act as a reasonable and prudent person would act under the same or similar circumstances;

   e.  Failure to be attentive to surroundings and act in a prudent and cautious manner for the protection of self;

   f.  Failure to keep a proper lookout;

   g.  Failing to see what should have been seen;

   h.  Creating a hazardous condition upon the roadway which defendant could not reasonably avoid;

   i.  Driving recklessly, carelessly and without due regard for the safety of others;

   j.  Impeding into Defendant's established lane of travel;

   k.  Driving her vehicle into a dangerous position;

   l.  Any and all other acts and/or omissions constituting negligence and/or liability which may be shown at the trial of this matter.

## SECOND DEFENSE

In the event that discovery reveals so, Defendants affirmatively aver that the claims herein are barred by prescription.

## THIRD DEFENSE

In the event that discovery reveals so, Defendants affirmatively aver that the claims herein are barred by settlement and compromise and by releasing other parties.

## FOURTH DEFENSE

Defendants affirmatively aver that the damages alleged herein were caused by the fault or negligence of others, including Plaintiff, for whom these Defendants is not liable or responsible.

## FIFTH DEFENSE

Defendants affirmatively aver that the damages alleged herein were due to the superseding and intervening fault of others, including but not limited to Plaintiff for whom these Defendants are not liable or responsible.

## SIXTH DEFENSE

Defendants affirmatively aver that any fault or negligence on the part of Defendants, said negligence and fault denied herein, was not a proximate cause of the damages alleged herein.

## SEVENTH DEFENSE

The Petition for Damages fails to state a cause of action upon which relief may be granted.

## EIGHTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part by Plaintiffs' failure to take reasonable measures to mitigate their damages.

## NINTH DEFENSE

Defendants affirmatively plead that to the extent it is established that the Plaintiff herein, failed to maintain compulsory motor vehicle liability insurance, Plaintiff is precluded from recovery of the first $15,000 in bodily injury damages and $25,000 in property damage, pursuant to the provisions of La. Rev. Stat. Ann. § 32:866.

## TENTH DEFENSE

In the event discovery and investigation reveals sufficient information to support any additional affirmative defense, Defendant affirmatively pleads all such defenses including but not limited to assumption of risk, fraud, and illegality.

## ELEVENTH DEFENSE

Defendants aver, that in the event discovery so reveals, plaintiff's alleged injuries are the result of a pre-existing condition and or subsequent injury for which Defendants did not cause and are not liable for.

## TWELFTH DEFENSE

Defendants further assert that any recovery of medical expenses by Plaintiff or alternatively, any recovery of medical expenses by Plaintiff as against these defendants, should be limited to the reasonable, customary and actual expenses incurred and paid, whether by Plaintiff or by any health insurer on her behalf, after credit for all contractual adjustments, write offs or other credits or offsets. Any and all medical billing for fictional and/or inflated amounts in excess of the reasonable, customary and actual charges for the services provided should be disregarded as without basis in reality and any recovery by Plaintiff will be reduced to the reasonable, customary and actual expense as allowed under the Civil Justice Reform Act of 2020.

## THIRTEENTH DEFENSE

Application of the legal doctrine known as the collateral source rule is subject to the Civil Justice Reform Act of 2020, limiting a plaintiff's recovery for medical bills to the amount actually paid by insurance or Medicare.

## FOURTEENTH DEFENSE

Defendants expressly reserve by this reference the right to raise additional defenses to the extent that:

1. Additional defenses become applicable under state and/or federal law.
2. Additional defenses are established as discovery proceeds.
3. Additional defenses are available under subsequently asserted theories of recovery.
4. Any additional defenses are plead by another named Defendant that are not adverse to this Defendant and are not otherwise set forth herein.

**WHEREFORE, Defendants, GREAT WEST CASUALTY COMPANY, CERTIFIED EXPRESS, INC. and SHILOH PETERSON** pray that after due proceedings are had, that this Answer to Petition for Damages be deemed good and sufficient and that after due proceedings are had, there be judgment herein in favor of the Defendants and against the Plaintiff, SARA FIORENZO, dismissing Plaintiffs' suit at Plaintiffs' costs and that Defendant be granted such other relief under the law.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK & BOGART**

By: _____
**ANDREW D. WEINSTOCK (#18495)
JACK F. HERRICK (#38460)
RAVEN A. FIELDING (#33125)**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
Attorneys for Defendants, **Great West Casualty Company, Certified Express, Inc. and Shiloh Peterson**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing **Answer** on all known counsel of record for all parties to this proceeding via facsimile, electronic mail and/or United States mail, properly addressed and first class postage prepaid, this 11th day of August, 2022.

_____
RAVEN A. FIELDING

FILED
2022 AUG 11  P 01:06
CIVIL
DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

# STATE OF LOUISIANA

**DOCKET NO. 2022-05725**  **DIVISION "M-13"**

**SARA FIORENZO**

**VERSUS**

**GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC. AND SHILOH PETERSON**

FILED: _____    _____
                                                                                  **DEPUTY CLERK**

## REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, come **Defendants, GREAT WEST CASUALTY COMPANY, CERTIFIED EXPRESS, INC. and SHILOH PETERSON**, who makes the following Request for Notice:

1. Pursuant to La. Code Civ. Proc. article 1572, Defendants request written notice ten (10) days in advance of the date fixed for the trial or hearing of any exceptions, motions or rules on the merits in the above-captioned action, and any other suit which has been, or may hereafter be, consolidated with said suit.

2. Pursuant to La. Code Civ. Proc. articles 1913 and 1914, Defendants request immediate notice of all interlocutory orders or final orders and judgments on any exceptions, motions or rules on the merits in the above-captioned suit and any suit which has been, or may hereafter be, consolidated with said suit.

**WHEREFORE**, Defendants, **GREAT WEST CASUALTY COMPANY, CERTIFIED EXPRESS, INC. and SHILOH PETERSON**, pray that it be provided with the above notices.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

By: _____
**ANDREW D. WEINSTOCK (#18495)**
**JACK F. HERRICK (#38460)**
**RAVEN A. FIELDING (#33125)**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
Attorneys for Defendant, Shiloh Peterson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing **Request for Notice** on all known counsel of record for all parties to this proceeding via facsimile, electronic mail and/or United States mail, properly addressed and first class postage prepaid, this 11th day of August, 2022.

_____
RAVEN A. FIELDING

FILED
2022 AUG 11  P 01:06
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO. 2022-05725                    DIVISION "M-13"

SARA FIORENZO

VERSUS

GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC. AND SHILOH PETERSON

FILED: _____          _____
                                              DEPUTY CLERK

### JURY ORDER

Demand for trial by jury having been made herein, the Court hereby fixes bond required of the party desiring trial in the amount of $_____, which shall be posted no later than thirty (30) days prior to trial of this matter.

In addition to the bond set herein, the party desiring trial by jury must deposit with the Clerk of this Court the sum of $_____ for each day of trial, and an additional $_____ for each day for any alternate juror, said deposit to be made on or before the date of trial, **prior to the commencement of the trial.**

**IT IS FURTHER ORDERED** that any Jury Order previously issued in this proceeding which may conflict with requirements herein be, and the same, is hereby recalled and set-aside.

**THUS DONE AND SIGNED** in _____ Louisiana, this _____ day of August, 2022.

_____
**JUDGE**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DOCKET NO. 2022-05725            DIVISION "M-13"

SARA FIORENZO

VERSUS

GREAT WEST CASUALTY COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CERTIFIED EXPRESS, INC. AND SHILOH PETERSON

FILED: _____      _____

                                                    DEPUTY CLERK

### JURY ORDER

Demand for trial by jury having been made herein, the Court hereby fixes bond required of the party desiring trial in the amount of $_____, which shall be posted no later than thirty (30) days prior to trial of this matter.

In addition to the bond set herein, the party desiring trial by jury must deposit with the Clerk of this Court the sum of $_____ for each day of trial, and an additional $_____ for each day for any alternate juror, said deposit to be made on or before the date of trial, **prior to the commencement of the trial.**

**IT IS FURTHER ORDERED** that any Jury Order previously issued in this proceeding which may conflict with requirements herein be, and the same, is hereby recalled and set-aside.

**THUS DONE AND SIGNED** in Orleans Louisiana, this 12th day of August, 2022.

_____
JUDGE
sgd, Paulette R. Irons
Judge, Division M, Section 13

VERIFIED
8/12/22

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2022-05725  DIVISION "M"  SECTION 13

SARA FIORENZO

VS.

GREAT WEST CASUALTY COMPANY,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
CERTIFIED EXPRESS, INC. and SHILOH PETERSON

FILED: _____     _____
                                                        DEPUTY CLERK

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, State Farm Mutual Automobile Insurance Company, who, for the purpose of providing the following Answer to plaintiff's Petition for Damages, specifically avers as follows:

### FIRST DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The claims of plaintiff herein are barred by prescription and/or applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's recovery is barred by the doctrine of comparative fault/last clear chance.

### FOURTH DEFENSE

Plaintiff has failed to provide adequate proofs.

**AND NOW**, in response to the specific allegations set forth in the Petition, Defendant respectfully avers:

1.

The allegations contained in Paragraph I are denied as written except to admit the status of this defendant.

2.

The allegations contained in Paragraphs II, III, IV, V, VII, VIII, and IX are denied as written for lack of sufficient information to justify a belief therein.

3.

The allegations in paragraphs VI and X do not require a response by this defendant; however, to the extent a response is required, they are denied as written.

4.

The allegations contained in Paragraphs XI are denied as written except to admit that a policy was issued. Further, defendants aver that any policy of insurance is the best evidence in and of itself; and, the terms and provisions of any policies are pled herein as if copied *in extenso*.

5.

The allegations contained in Paragraphs XII and XIII are denied.

6.

Any and all unnumbered and/or misnumbered paragraphs, as well as any and all paragraphs or allegations suggesting liability or culpability on the part of defendant for the alleged accident and injuries made the basis of this litigation, if any, are specifically denied.

**AND NOW,** in further answer to plaintiff's Petition, Defendant specifically avers:

7.

That the alleged accident in question was caused solely and/or partially through the fault/negligence of the plaintiff. Alternatively, if there was fault/negligence on the part of anyone other than the plaintiff, such conduct was that of persons or parties for whom Defendant would not be responsible.

8.

Defendant specifically avers that plaintiff has failed to mitigate her damages.

9.

Defendant specifically avers that it is entitled to and prays for a trial by jury.

10.

Defendant reserves the right to amend this Answer as the facts of this matter become more known and established and as the circumstances may require.

**WHEREFORE**, defendant, **State Farm Mutual Automobile Insurance Company**, prays that this Answer be deemed good and sufficient; that this matter be tried before a jury; and, after due proceeds had, that judgment be rendered herein in its favor, dismissing plaintiff's claims against it, with prejudice, at plaintiff's costs.

Respectfully submitted,

**BRIAN T. CARR & ASSOCIATES**

_____
**BRIAN T. CARR (#20739)**
**SCOTT A. LEDBETTER (#37202)**
4636 Sanford Street, Suite 100
Metairie, Louisiana 70006
Telephone: (504) 888-5030
Facsimile: (504) 888-5456
Email: bcarr@btcarr-law.com
Email: sledbetter@btcarr-law.com
*Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this the 19th day of September, 2022, served a copy of the foregoing pleading on all counsel for all parties, via facsimile, email, and/or by mailing same via United States mail, properly addressed and first-class postage prepaid.

_____